UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS KILIAN,<br><br>        Plaintiff,<br><br>    v.<br><br>THE AMERICAN SOCIETY OF ENGINEERS, a New York corporation, et al.,<br><br>        Defendants. | No.  2:21-cv-01740-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is the American Society of Mechanical Engineers ("ASME"), the International Society of Interdisciplinary Engineers LLC ("ISIE"), and Global Knowledge Solutions LLC's ("GKS") (collectively "Defendants") motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. See Mot., ECF No. 9-1. Dennis Kilian ("Plaintiff") filed an opposition, see Opp'n, ECF No. 12, to which Defendants replied, see Reply, ECF No. 14.  For the reasons below, the Court GRANTS Defendants' Motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for December 7, 2021.

1

I. BACKGROUND

On December 16, 2020, Plaintiff entered into an Employment Agreement ("the Agreement") with ISIE, acting on behalf of its subsidiary GKS, to serve as GKS's President for a five-year term. Compl ¶ 41, Ex. A to Not. of Removal, ECF No. 1. Plaintiff resided and worked in New Jersey until March 2021 when he moved to California. Mot. at 2; Opp'n at 7. Shortly thereafter Plaintiff was removed as GKS's President. Compl ¶ 78. Subsequently, on April 20, 2021, Plaintiff's employment with GKS was terminated for cause. Mot. at 3; Opp'n at 7.

In response, Plaintiff initiated the present breach of contract action in Placer County Superior Court. See generally Compl. The complaint asserts six claims against Defendants for: (1) Breach of Contract; (2) Failure to Pay Wages Owed in Violation of Labor Code Section 200 *et seq.*; (3) Violation of Business and Professions Code Section 17200 *et seq.*; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Intentional Interference with Contract; and (6) Declaratory Judgment under California Code of Civil Procedure Section 1060 and Labor Code Section 925. Id.

Defendants removed the case, see Not. of Removal, and now move to dismiss for lack of personal jurisdiction, see Mot.

II. OPINION

A. Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a defendant to seek dismissal of an action for a lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Plaintiff

bears the burden of showing that jurisdiction is proper. Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1141 (9th Cir. 2017). Because no evidentiary hearing occurred in this action, "the plaintiff need only make a prima facie showing of jurisdictional facts." Id. (citing to Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)).

"For a court to exercise personal jurisdiction over a nonresident defendant [in accordance with due process], that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger, 374 F.3d at 801 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). There are two kinds of personal jurisdiction a forum state may exercise over a defendant: general jurisdiction and specific jurisdiction. Morrill, 873 F.3d at 1142.

    B.    Analysis

        1.    General Jurisdiction

The first type of personal jurisdiction, general jurisdiction, exists only "if the defendant has 'continuous and systematic general business contacts' with a forum state" so as to render them essentially at home in the forum state. Morrill, 873 F.3d at 1142 (internal citations omitted). For a corporation, the paradigm forum for the exercise of general jurisdiction is its place of incorporation and principal place of business. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Only in an "exceptional" case will a "corporation's operations in a forum other than its formal place of incorporation or

1  principal place of business [. . .] be so substantial and of
2  such a nature as to render the corporation at home in that
3  State." Id. at 139 n. 19.
4      Here, as the complaint itself states, none of the three
5  Defendants is incorporated in California nor do any have their
6  principal place of business in the state.  Compl. ¶ 2 ("ASME is
7  a New York not-for-profit corporation with its principal place
8  of business located at Two Park Avenue, New York, New York,
9  10016"), Compl. ¶ 8 ("ISIE is a Delaware limited liability
10 company with its principal place of [business] located at Two
11 Park Avenue, New York, New York, 10016"), Compl. ¶ 14 ("GKS is a
12 Delaware limited liability company with its principal place of
13 [business] located at 3025 Boardwalk, Ann Arbor, Michigan
14 48108").  Plaintiff nevertheless maintains GKS's principal place
15 of business is California, or at least that California is where
16 GKS intended to set up its headquarters.  Opp'n at 5, 11-12.
17 But as Defendants point out, that argument is contradicted by
18 his own allegation that GKS's principal place of business is Ann
19 Arbor, Michigan.  Compl. ¶ 14.  Plaintiff's next argument that
20 GKS intended to relocate its headquarters to California and that
21 certain executives were located there, see Opp'n at 11-12, fares
22 no better as it is unsupported by the objective facts before the
23 Court and further because that relocation never actually
24 occurred.  Reply at 1-2.
25     There is nothing exceptional about this case indicating
26 general jurisdiction should extend beyond the states where
27 Defendants are incorporated and have their principal places of
28 business.  See Daimler, 571 U.S. at 139 n.19.  California is not

1  one of those states.  Accordingly, the Court finds general
2  jurisdiction does not exist over Defendants.
3            2.   Specific Jurisdiction
4     The second type of jurisdiction, specific jurisdiction,
5  permits a court to exercise jurisdiction when the suit arises
6  out of or relates to the defendant's contacts with the forum.
7  Bristol-Myers Squibb Co. v. Superior Ct. of California, San
8  Francisco Cty., 137 S. Ct. 1773, 1780 (2017).  In the Ninth
9  Circuit, specific jurisdiction is appropriate if: (1) a non-
10 resident defendant purposefully directs their activities towards
11 the forum or performs some act by which they purposefully avail
12 themselves of the privilege of conducting activities in the
13 forum, thereby invoking the benefits and protections of its
14 laws; (2) the claim arises out of or relates to the defendant's
15 forum-related activities; and (3) the exercise of jurisdiction
16 comports with fair play and substantial justice, i.e. it must be
17 reasonable.  Schwarzenegger, 374 F.3d at 802.  The plaintiff
18 bears the burden of satisfying the first two prongs of the test.
19 Id.  If the plaintiff fails to satisfy either of these prongs,
20 personal jurisdiction is not established in the forum state.
21 Id.  If the plaintiff does satisfy the first two prongs, the
22 burden then shifts to the defendant to present a compelling case
23 that the exercise of jurisdiction would not be reasonable.  Id.
24 (internal citation omitted).
25    Plaintiff contends specific jurisdiction exists over each
26 Defendant.  Opp'n at 12-20.  Beginning with GKS, Plaintiff argues
27 the first two prongs of the Ninth Circuit test are satisfied by
28 GKS's business activities in California and Plaintiff's own

contacts with California. See Opp'n at 12-16 (setting forth GKS's contacts and Plaintiff's contacts with the state). As to GKS's alleged contacts with California, the Court agrees with Defendants that they are unconnected to Plaintiff's claims which arise solely out of the alleged breach of the Agreement. Reply at 2-3. Yet specific jurisdiction requires "a connection between the forum and the specific claims at issue," and "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." Bristol-Myers Squibb Co., 137 S. Ct. at 1781. In the Bristol-Meyers case, the Supreme Court found no specific jurisdiction existed even though defendant had five California facilities employing 160 people, 250 California sales representatives, and sold $900 million in Plavix pills in California — far more contacts than GKS is alleged to have here – because those contacts were unrelated to the plaintiff's claims. Id. at 1778. So too here. GKS's contacts with California are unrelated to Plaintiff's breach of contract claims and thus do not establish specific jurisdiction.

Next, Plaintiff attempts to use his own contacts with California to establish specific jurisdiction over GKS. Opp'n at 13-16. But, as Defendants argue, this turns the jurisdictional analysis on its head. Reply at 3. Specific jurisdiction exists only where the claims "arise out of contacts that the defendant himself creates with the forum State," and the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." Walden v.

6

1  Fiore, 571 U.S. 277, 284 (2014)(emphasis in original); see also
2  Joseph Saveri Law Firm, Inc. v. Criden, 696 Fed. Appx. 189, 192
3  (9th Cir. 2017) ("[Plaintiff]'s own activities in California
4  cannot establish personal jurisdiction over [Defendant] . . .
5  Otherwise, a plaintiff could establish jurisdiction over a
6  defendant through the plaintiff's own contractual performance
7  within a forum state.")(emphasis in original).  Additionally,
8  Defendants brought forward a number of cases supporting their
9  contention that "when a person . . . makes a unilateral decision
10 to move after being hired, an employer's mere acquiescence or
11 indifference to the employee's decision does not constitute
12 purposeful availment."  Mot. at 11-12 n.9; Reply at 4.  Plaintiff
13 failed to address these cases in opposition.  See generally
14 Opp'n.  This constitutes waiver.  See Resnick v. Hyundai Motor
15 America, Inc., Case No. CV 16-00593-BRO (PJWx), 2017 WL 1531192,
16 at *22, (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument
17 raised in a motion to dismiss constitutes waiver of that
18 argument.").  Moreover, this Court agrees with the reasoning in
19 Defendants' cited authority, see Mot. at 11-12 n.9 (collecting
20 cases), that Plaintiff's choice of residence cannot serve as the
21 basis for personal jurisdiction, otherwise defendants would be
22 subject to personal jurisdiction in any state to which Plaintiff
23 happens to relocate.  For these reasons, Plaintiff's own contacts
24 with California do not establish specific jurisdiction over GKS
25 either.
26     As to the remaining Defendants, ASME and ISIE, Plaintiff
27 attempts to piggyback jurisdiction over these Defendants as
28 "joint employers" based on the Court's purported jurisdiction

over GKS.  Opp'n at 17-19.  Because no jurisdiction over GKS exists, however, this attempt fails.  Nor does the Agreement or the complaint reference any "joint employment."  Accordingly, the Court finds specific jurisdiction does not exist over ASME and ISIE.

Because Plaintiff did not carry his burden on the first two prongs, the inquiry properly ends there.  Schwarzenegger, 374 F.3d at 802.

### III.  ORDER

For the reasons set forth above, Defendants' 12(b)(2) Motion to Dismiss for lack of personal jurisdiction is GRANTED.

IT IS SO ORDERED.

Dated:  January 20, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE